UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KATRINA JEFFERSON,

    Plaintiff,

                                                          Case number 05-73849

v.                                           Honorable Julian Abele Cook, Jr.

COUNTY OF WAYNE, ET AL,

    Defendants.

ORDER

This case involves a claim by the Plaintiff, Katrina Jefferson, that the Defendants[1] failed to provide her with the requisite levels of diagnosis, medical care and treatment, to which she was entitled as a detainee at the Wayne County Jail in Michigan. Jefferson submits that, as a direct result of the Defendants' negligence for a period of nearly two months "while her mobility and neurological condition steadily deteriorated," she suffered permanent and serious neurological injuries. The parties have now submitted numerous motions in limine and related motions, all of which will be examined by the Court seriatim.

I.     Jefferson's Motion in Limine[2] [Docket #29]

In this motion, Jefferson seeks to prevent the Defendants from offering or introducing any

---

[1] The Defendants in this cause have been identified as the County of Wayne, Wayne County Sheriff Warren C. Evans, Dr. Gary Weekes, Dr. Timothy Barth, Wayne County Jail Medical Services, Nurse Jane Doe, and Deputy Sheriff Anita McCoy.

[2] While Jefferson has identified this document as a "motion in limine," it contains three separate requests, all of which are addressed here by the Court.

1

of the following evidence at trial: (1) evidence of her substance abuse history, (2) evidence of her criminal record, and (3) any purported expert witness on their behalf. The Defendants have not filed any opposition response to this motion.

      A. <u>Evidence of Jefferson's substance abuse history</u>

Jefferson's medical records include a reference to her use of drugs including tobacco, alcohol, heroin, and cocaine. However, she asserts that there is no evidence of any recent drug or alcohol use by her. It is her contention that "[t]he fact that [she] ever had an alleged history of use, dependence on, or abuse of drugs or alcohol is completely irrelevant to any issue in this case," which makes it, arguably, inadmissible under Fed. R. Evid. 401[3] and 402.[4] She also submits that there is "no evidence of any drug or alcohol use whatsoever at any time during [her] incarceration in the Wayne County Jail." Moreover, Jefferson complains that even if the Defendants could establish "some slight logical relevance or materiality of such evidence," it should be excluded under Fed. R. Evid. 403,[5] because the potential prejudice and confusion greatly outweighs any legitimate value in this case.

The Court believes that evidence of drug abuse by Jefferson prior to her incarceration in the

---

[3]Fed. R. Evid. 401 states the following: "'Relevant evidence' means evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence."

[4]Fed. R. Evid. 402 reads: "All relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules, or by other rules prescribed by the Supreme Court pursuant to statutory authority. Evidence which is not relevant is not admissible."

[5]Fed. R. Evid. 403 provides as follows: "Although relevant, evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence."

Wayne County Jail should be excluded from the trial unless it can be clearly established by the Defendants prior to the commencement of these legal proceedings that there exists a causal connection between Jefferson's substance abuse history (if any) and the claimed maltreatment or mistreatment while she was housed at the Wayne County Jail. In the absence of such a showing by the Defendants, this challenged evidence must be excluded because its probative value would be substantially outweighed by the danger of an unfair and unwarranted prejudice to Jefferson. Fed. R. Evid. 403. Therefore, Jefferson's motion in limine to exclude her substance abuse history will be granted.

B. Jefferson's Criminal History

In this motion, Jefferson seeks to preclude the admission of her criminal history into evidence.[6] She asserts that her criminal history is irrelevant to any issue in this matter and is therefore inadmissible under Fed. R. Evid. 401 and 402. The Court agrees. Her criminal record is not relevant to her claims against the Defendants regarding the quality of the medical treatment that forms the basis for this lawsuit. Thus, Jefferson's motion in limine to exclude her criminal history is granted. Fed. R. Evid. 401 and 402.

C. Expert Witnesses for the Defendants

In this motion, Jefferson attempts to preclude the admission of testimony by any expert witness whose identity has not been disclosed according to the Federal Rules of Civil Procedure. Jefferson asserts that the proponent of an expert witness is required to disclose the name of any

---

[6]Jefferson acknowledges that "it will be obvious to the jury that [she] had some criminal history, by virtue of her presence and status as an inmate in the Wayne County Jail." She asserts that she will request an instruction which will advise the jury that "in rendering their verdict they are not to consider any criminal offense which she may have committed."

3

person who may be used to present expert testimony at trial, along with a written report that will satisfy the requirements of the Federal Rules of Civil Procedure. Fed. R. Civ. P. 26(a)(2)(A) (B).[7] She submits that the scheduling order, which was entered by the Court, directs the filing of such disclosures not later than December 1, 2006. This statement is incorrect, in that the Court granted the Defendants' request to modify the previously established scheduling dates on March 7, 2007. In so doing, the Court extended the date for the completion of all discovery activity by the parties until May 11, 2007.

However, in assessing Jefferson's motion, the Court notes that the Defendants have not responded to her impending application for relief on this issue as of this date. Thus, their "silence" to this pending motion constitutes an implied acknowledgment by each of them that they, individually and collectively, have failed to comply with those requisite rules of civil procedure which pertain to the use of an expert witness in a federal court litigation. Therefore, Jefferson's motion, which seeks to preclude any person who may be used by the Defendants to present expert testimony at trial, is granted.

II.  Defendants' Motion in Limine [Dockets #37 & 38]

The Defendants filed these motions, which they claim to be "motion[s] in limine," with the Court on August 13, 2007. However, both of their motions (listed under Dockets #37 and #38) contain the identical substantive text. The latter motion was filed on behalf of Sheriff Evans,

---

[7]Fed. R. Civ. P. 26(a)(2) states, in pertinent part, the following: "(A) In General. In addition to the disclosures required by Rule 26(a)(1), a party must disclose to the other parties the identity of any witness it may use at trial to present evidence under Federal Rule of Evidence 702, 703, or 705. (B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report - prepared and signed by the witness - if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony . . . ."

4

whereas the former motion was submitted on the behalf of other Defendants. Five "issues" have been raised by the Defendants in their motions, all of which are addressed herein below. For the reasons that are set forth below, all of the Defendants' requests are denied.

A. Limiting/ Jury Instructions on Deliberate Indifference

The Defendants ask the Court to determine that Jefferson "may not offer evidence or argument to support her theory that negligence in diagnosing or treating a medical condition may state a valid claim under 42 U.S.C. § 1983 and issue a "limiting instruction . . . that mere negligence in diagnosing or treating a medical condition does not state a valid claim of mistreatment under the Eighth Amendment."

This request is not a motion in limine, but is - as correctly described by Jefferson - "a thinly disguised dispositive motion." Dispositive motions in this case were due on May 29, 2007. This motion, having been filed untimely without any explanation for its tardy submission, must be denied.

B. Bi-Polar Disorder, Schizophrenia & Substance Abuse

In this motion, the Defendants claim that evidence of Jefferson's "mental capacity and addictions are relevant" and admissible. This is not a motion in limine. This application for relief by the Defendants is, in reality, an extremely tardy response to the motion in limine that had been filed by Jefferson on December 20, 2006. Thus, the Defendants' motion was filed over seven months late. Hence, the Court must, and does, deny their request for relief.

C. Jefferson's Felony Conviction for Fraud

In this motion, the Defendants appear to argue that evidence of Jefferson's criminal history should be admitted into evidence. This is not a motion in limine. The Defendants also appear to

5

have been very tardy in their response to Jefferson's motion in limine on December 20, 2006 regarding this issue. This motion - as with the preceding requests - were filed by the Defendants over seven months late. Thus, the Defendants' motion must be denied.

    D.    <u>Jefferson's Discovery and Pretrial Violations</u>

In this fourth purported motion in limine, the Defendants argue that "to the extent [Jefferson] violated this Court's Scheduling Order and Amendments, and the Rules of Civil Procedure governing disclosures and discovery, [her] proofs should be limited and certain claims stricken." They outline what they claim to be various discovery violations and, without citing any authority for their proposition, argue that "[a]n appropriate sanction under these circumstances would be to limit her proofs at trial to only that which she authorized Defendants to receive."

Jefferson notes that the Defendants have acknowledged in their February 2007 motion to adjourn the previous trial date that the parties had engaged in cooperative discovery. She also proclaims that the Defendants filed this motion only three weeks prior to the scheduled commencement of the original trial date of September 4, 2007 (this date was subsequently adjourned), without having filed any previous motions to compel discovery.

The Court notes that the Defendants' motion, in which they contend that Jefferson had committed certain undisclosed discovery violations, was filed over three months after discovery in this matter had closed. Therefore, the Defendants' motion on this matter must be rejected as untimely.

    E.    <u>Opinion Testimony on Deliberate Indifference</u>

In this motion, the Defendants seek to "prohibit any attempt [by Jefferson] to offer opinion evidence on the issue of 'deliberate indifference.'" Specifically, they request that the Court instruct

witnesses "not to offer testimony which states conduct was deliberately indifferent." The Defendants cite *Berry v. City of Detroit*, 25 F.3d 1342, 1353 (6th Cir. 1994), for the proposition that a court "must be careful not to allow expert testimony to infringe upon its own authority to instruct as to the law or the jury's ability to determine ultimate issues such as the intent of a party." However, the Defendants citation is unavailing, in that *Berry* dealt with a "police practices" expert witness, who was characterized by the Sixth Circuit Court of Appeals as being different from someone whose field of expertise incorporates persons with generally similar training, education, and experience (e.g., an electrical engineer). *Id.* at 1349. In fact, the *Berry* court opined that, in its judgment, there is no such recognized "field" as one who is an expert in "police policies and practices." *Id*. at 1352. This is not true in the case of neurology and neurosurgery, both of which may have some relevant application to the issues in this cause of action. Finally, the Court also notes that a witness' "testimony in the form of an opinion or inference otherwise admissible is not objectionable because it embraces an ultimate issue to be decided by the trier of fact." Fed. R. Evid. 704(a).

For the reasons that have been stated above, the Court denies the Defendants' motion in limine regarding opinion testimony on "deliberate indifference."

III.     Jefferson's Motion to Strike Defendants' Motions in Limine [Docket #46]

On August 16, 2007, Jefferson filed a motion, in which she requested the Court to strike "Defendants' two identical Motions *in Limine*" [Docket #37 & 38] for being "grossly late" and because they are, for the most part, "thinly disguised dispositive motion[s]." In her pending motion, Jefferson incorrectly states that December 22, 2006 was the deadline upon which requests for in limine relief were due to be filed with the Court. As noted earlier, the Court - on March 7,

2007 - extended this deadline to August 13, 2007. An examination of the official record reveals that the Defendants' motions, to which Jefferson has made reference, were filed in a timely manner. Moreover, the Court, with recognition that it has already addressed the merit of these issues, denies the Defendants' motion for reasons of mootness.

IV.     Jefferson's Motion to Strike Defendants' Notice of Non-Party Fault [Docket #51]

On August 16, 2007, the Defendants filed a "Notice of Non-Party Fault" with the Court in which they identified "non-parties whose fault should be apportioned by the trier of fact" without identifying any relevant Federal Rule of Civil Procedure or case law to support its contention. This "notice" was filed after the parties had filed their proposed joint final pretrial order on August 13, 2007, which stated that the subject matter jurisdiction in this case is uncontested by the parties.

On August 21, 2007, Jefferson filed a motion, in which she asked the Court to strike the Defendants' "Notice of Non-Party Fault." It is her principal argument that, although Michigan tort reform statutes provide for such a procedure, these statutes (which the Defendants did not even cite) have no application to this case which is based on federal question jurisdiction under 42 U.S.C. § 1983. She also notes that cases under this statute are subject to the rule of joint and several liability. *Weeks v. Chaboudy,* 984 F.2d 185, 188-89 (6th Cir. 1993). Finally, Jefferson also argues that the Federal Rules of Civil Procedure do not provide for filing a "Notice of Non-Party Fault."

In their response to Jefferson's motion, the Defendants have failed to address her assertion that (1) those cases which fall under 42 U.S.C. § 1983 are subject to the rule of joint and several liability and (2) there is no provision within the Federal Rules of Civil Procedure which provide for the filing a "Notice of Non-Party Fault."

8

The Court agrees with Jefferson that the Defendants have had "numerous opportunities to bring to the Court's attention their claims, if any, that third parties allegedly have some responsibility or liability in this case" pursuant to Fed. R. Civ. P. 7(a) (in which the Defendants could have included a "third-party complaint"), Fed. R. Civ. P. 14(a) (which provides that Defendants, as third-party plaintiffs, may serve a summons and complaint on a person not a party to the action who is or may be liable to the third-party plaintiff), Fed R. Civ. P. 15(a) (which provides that defendants may amend their pleadings once as a matter of right within 20 days after serving their answer, or otherwise seek leave of the court to amend), or Fed. R. Civ. P. 20(a) (which allows defendants to join all persons in this action if "any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences . . . ."

The Court finds that the Defendants' "Notice of Non-Party Fault" fails to meet the minimum standards of the Federal Rules of Civil Procedure, which has no provision for the filing of such a pleading. However, even if the Defendants had properly filed a motion which sought, for example, to include a third-party complaint, the filing of such a request would have been grossly overdue, given that the parties filed their joint final pretrial order on August 13, 2007.

For the reasons stated above, the Court must, and does, grant Jefferson's request to strike the Defendants' "Notice of Non-Party Fault." Accordingly, the Clerk of the Court is directed to remove this pleading (Docket # 43) from the docket.

V.  Jefferson's Motion to Strike Defendants' Denials in their Answer to [Her] First Amended Complaint that Sheriff Warren C. Evans and Dr. Timothy Barth are Policy Makers [Docket #54]

In this motion, Jefferson has asked the Court to enter an order that will (1) strike the

Defendants' denials (namely, that Dr. Barth and Sheriff Evans are policy makers) in their answer to the first amended complaint and (2) grant a summary judgment in her favor on the policy maker issue. The Defendants oppose this motion.

On October 19, 2006, Jefferson served the Defendants with a "Request for Admissions" pursuant to Fed. R. Civ. P. 36 regarding, *inter alia*, the issue of whether Barth and Evans were the "final policymaker[s]" on issues relating to her claims in this case. The Defendants acknowledge that they did not respond to her "Request for Admissions." Whereupon, Jefferson submits that this lack of response constitutes an admission that these two Wayne County representatives are policy makers under Fed. R. Civ. P. 36(a)(3).[8]

In their opposition papers, the Defendants assert that Fed. R. Civ. P. 36(a) does not apply to requests for those admissions "which involve[] a pure matter of law." *Lakehead Pipe Line Co. v. American Home Assurance*, 177 F.R.D. 454, 458 (D. Minn. 1997). However, Jefferson points out that the determination of whether an individual is a policy maker includes evidence of "local practice and custom." *Feliciano v. City of Cleveland*, 988 F.2d 649, 655 (6th Cir. 1993). In *Lakehead,* which was cited by both parties, the district court determined that "[r]equests [for admissions] which seek opinions of fact, or of mixed fact and law, are appropriate."

The Court concludes that the issue as to whether Evans and Barth are policy makers is not a pure question of law as the answer to this question may reflect, in part, the local practices and customs of Wayne County. The Defendants could have objected to Jefferson's October 19, 2006

---

[8]Fed. R. Civ. P. 36(a)(3) reads as follows: "A matter is admitted unless, within 30 days after being served, the party to whom the request is directed serves on the requesting party a written answer or objection addressed to the matter and signed by the party or its attorney. A shorter or longer time for responding may be stipulated to under Rule 29 or be ordered by the court."

"Request for Admissions" on this issue, but for reasons that are not readily apparent to the Court, chose not to do so. Rather, they elected to raise this issue on August 23, 2007 - nearly one year later - in their answer to the first amended complaint. Noting that the Defendants failed to object to the "Request for Admissions" in a timely manner, the Court grants Jefferson's motion to strike the Defendants' denials in their answer to the first amended complaint (to wit, that Evans and Barth are policy makers). The Court declines Jefferson's request to award sanctions under Fed. R. Civ. P. 11 because it does not believe that the Defendants' conduct regarding this issue merits such a penalty.

VI.  Jefferson's Motion for Leave to File Second Amended Witness List for Trial [Docket #62]

In this motion, Jefferson seeks authority from the Court to file a second amended witness list for trial. Specifically, she wants to add (1) family witnesses (her sisters and nieces), "only three or four of whom will actually testify, solely regarding [her] damages," and (2) Denise Akridge, a newly discovered witness who had been incarcerated in the Wayne County Jail during the times that are relevant to this lawsuit and whose August 15, 2007 written statement was copied and forwarded to the Defendants on the following day.

Jefferson also seeks to make some specific "cosmetic" changes to her first amended witness list[9] which had only identified her mother, Addie Jefferson, as a family member who would be able to testify regarding her damages. However, Jefferson notes that her mother is "currently in ill health, and may not be available to testify" and she therefore seeks to add seven family members

---

[9]Jefferson seeks to incorporate the following "cosmetic" changes to her proposed second amended witness list: (1) Dr. Paul Cullis is to be specifically identified as a neurologist, (2) Marcy Slabey-Klar is to be specifically identified as a vocational rehabilitation/life care witness, (3)Holly Creedon is to be specifically identified as a nursing care/life care witness, and (4) the deletion of Detroit Receiving Hospital representatives.

11

(i.e., three sisters and four nieces) "not all of whom will actually testify" solely as potential damages witnesses.[10] Jefferson claims that she would be severely prejudiced if she were "not allowed to call one or two of her sisters and nieces each, solely to describe their observations of how her spinal cord injury in this case has changed her life, and continues to affect her."

The Defendants oppose this request, claiming - in a conclusory manner - that their "ability to defend this lawsuit has been prejudiced" by Jefferson's failure to provide them with the names, addresses, and telephone numbers of the witnesses whom she seeks to call during the trial.[11]

The Defendants have not articulated any specific reason why they would be prejudiced if Jefferson is permitted to amend her witness list. Under this circumstance, the Court concludes that Jefferson has demonstrated a legitimate basis for her request for leave to file a second amended witness list. Therefore, the Court will grant Jefferson's leave to amend her witness list in the following manner; to wit, she may add Denise Akridge, as well as those family members who have been identified by her as projected witnesses; provided, however, that their substantive testimonies must not overlap in substantive content and, thus, become repetitive or constitute a needless presentation of cumulative evidence. (Fed. R. Evid. 403). In addition, Jefferson will be permitted to make - and be limited to - those "cosmetic changes," to which she made reference in her formal request for relief. See n.9. supra.

---

[10]These persons have been identified by Jefferson as (1) Faye Drake (sister), (2) Connie Jefferson (sister), (3) Sharon Jefferson (sister), (4) Chanel Jefferson (niece), (5) Brittney Jefferson (niece), (6)Shaena Jefferson (niece), and (7) Bianca Jefferson (niece).

[11]Jefferson claims that it would be inappropriate for the Defendants to have the witnesses' addresses, etc. as they should contact these witnesses through her attorney.

12

IT IS SO ORDERED.

Dated: March 31, 2008           s/ Julian Abele Cook, Jr.
       Detroit, Michigan        JULIAN ABELE COOK, JR.
                                United States District Court Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on March 31, 2008.

                                s/ Kay Alford
                                Case Manager